UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

95-CR-00271

-----------------------------X

UNITED STATES OF AMERICA
        Plaintiff

V.

LUIS GERMAN ROLDAN
        Defendant

-----------------------------X

### DEFENDANT RESENTENCING MEMORANDUM

Defendant Luis German Roldan, pro-se[1], files this memorandum in support of his Fed.R.Crim.P. 35(b)("Rule 35") hearing to be held before this Honorable Court. This will be a brief exposition of different factors that the Court may consider in evaluating the extent of the departure. "[A]fter the Government has made a Motion for Downward Departure, [] the Government has no control over whether, and to what extent the district court will depart from the guidelines," United States v. Livesay, 552 F.3d 1081, 1091 (11th Cir. 2008). Defendant calls the attention of the court to the following three factors.

1. <u>5K1.1 Factors</u>.

It is well established that "in determining the extent of a [Rule 35] departure, the district court must consider the five non-exclusive §5K1.1 factors," <u>Livesay</u>, 525 F.3d at 1092. These factors are: "(1) the usefulness of the defendant's assistance; (2) the truthfulness and completeness of defendant's information and testimony; (3) the nature and extent of defendant's assistance; (4) any injury suffered or risk of injury or danger to the defendant and his family as a result of his assistance; and (5) the timeliness of the assistance," <u>Id</u>. (citing U.S.S.G. §5k1.1 (a)(1)(5)). Defendant requests the court to consider the 5K1.1 (a)(1)(5)). Defendant requests the Court to consider the following issues when quantifying these factors:

* The Government used Defendant as am undercover informant within the walls of a federal prison.

* The Government then used Defendant in a criminal trial.

* As a result of Defendant's cooperation (extensive) the Government secured a conviction.

* Defendant timely and quickly provided all his cooperation.

* Defendant's life was put in jeopardy when he was returned to the same prison (FCI-Jesup).

---

1. Defendant is represented by counsel and has asked his court appoint counsel to adopt this pleading, athough when a criminal defendant is represented by counsel, the Court may limit pro-se filings, this is essentially a discretionary call, <u>United States v. Levy</u>, 849 F.Supp.2d 1353, 1376 n.1 (S.D.Fla. 2012).

defendant's post-sentencing rehabilitation and such evidence may in appropiate cases, support a downward variance from the now-advisory federal guideline range," Id. at 1326 see also United States v. Smith, 638 F.3d 1351, 1352 (11th Cir. 2011).

3. Booker and its Progeny.

When defendant was sentenced, the guidelines were mandatory. The law has evolved quite a bit in these 19 years, Judge Marcus, (Then District Judge) did not have the benefit of the advisory aguidelines sytems. defendant just wants you honor to take this into account when evaluating the extent of the departure.

The Supreme Court recommendation of 24 months (less than 10%) does not reflect the application of any of the above factors. The Government has suggested that it was not the Government who brought him to Michigan to testify; however, Defendant is in possession of a writ of habeas corpus ad testificandum, signed by Michigan AUSA Keith Corbit[2]. The standard percentage in this district is 1/3 (33%) on cooperation that is not remotely close to the cooperation given on this case.

**WHEREFORE**, for the reason elucidated above, Defendant prays this Court to consider the §5K1.1 factors and Pepper when resenting him in the upcoming hearing.

Date February 10, 2013

                                        Respectfully submitted,

                                        /s/ Luis German Roldan
                                        **Luis Geman Roldan**
                                        **pro-se**
                                        **P.O.DRAWER 30**
                                        **McRAE, GA 31055**

---

2. Defendant provided this paperwork to this court appointed lawyer.